[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 9, 1990
Date of Application March 31, 1990
Date Application Filed April 9, 1990
Date of Decision April 28, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No: CR7-118541.
Linda Stambovsky, Esq. Counsel for Petitioner
 Robert O'Brien, Esq., Assistant State's Attorney for the State of Connecticut.
BY THE DIVISION
The petitioner was convicted by a jury of Sexual Assault 1st in violation of Conn. Gen. Stat. 53a-70(a). The petitioner was given the maximum allowable by law of twenty years to serve.
The record indicates the petitioner was accused of sexually assaulting the girlfriend of his then incarcerated son. The victim claimed she was slapped, and forced to the ground to engage in non-consensual intercourse. She claimed that the petitioner threatened to hurt her if she told anyone of the sexual assault.
Counsel for the petitioner focused on the fact that the petitioner received the maximum sentence. She claimed that the level of physical abuse and the nature of the crime was not of such a magnitude that it required the court to give the full sentence. The sentence was therefore disproportionate and inappropriate for the offense. She noted that her client has become a Christian and kicked his drug habit since he has been in prison.
The petitioner addressed the division claiming that the sentence was not fair, and that he was innocent of the charges. CT Page 5975
The attorney for the state noted the petitioner's arrest record included five sexual offenses. The court also was aware that the petitioner was just released nineteen days prior to this offense, and that he was in prison because of another sexual assault conviction. In addressing the division he noted that the petitioner was fortunate in that he was not charged under the persistent felony statute.
The court in its sentencing remarks noted the petitioner's history of his previous crimes, their nature and numerosity.
Reviewing the sentence in accordance with P.B. 942, in light of the seriousness of the offense, the character of the petitioner, and the need for the protection of the public, the sentence imposed carries out the deterrent, rehabilitative isolative and denunciatory purposes for which it was intended. We find that it is neither inappropriate nor disproportionate. The sentence is affirmed.
Purtill, J.,
Klaczak, J.
Norko, J.
Purtill, Klaczak, and Norko, judges participated in this decision.